UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:09CV-00122-JHM

MARY KAY HAMILTON                                                                          PLAINTIFF

V.

SARA LEE CORPORATION, et al.                                                           DEFENDANTS

MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Defendants, Sara Lee Corporation and Earthgrains Baking Companies, Inc., for summary judgment [DN 33]. Fully briefed, this matter is ripe for decision. For the reasons set forth below, the motion for summary judgment by Defendants is granted.

I. STANDARD OF REVIEW

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and of identifying that portion of the record which demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party is required to do more than simply show there is some "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The rule requires the non-moving party to present specific facts showing that a genuine

factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477 U.S. at 252. It is against this standard that the Court reviews the following facts.

## II.  BACKGROUND

Plaintiff, Mary Kay Hamilton, was hired by Defendants, Sara Lee Corporation and Earthgrains Baking Companies, Inc. (hereinafter "Sara Lee"), as an hourly picker/loader employee at Sara Lee's Owensboro facility on May 23, 2008. In early June of 2008, Plaintiff attended orientation at Sara Lee that was conducted by Leah Mullins, Human Resources Administrator for the Owensboro facility. During orientation, Mullins provided Plaintiff with a Sara Lee's Harassment Prevention Policy, its Global Business Standards, and the Sara Lee Plant Policies and Procedures and Rules and Regulations which also contained the harassment prevention policy. Plaintiff signed her acknowledgment of receipt of these materials. In addition to these written policies, Plaintiff's orientation included training by Mullins regarding what to do in the event that an employee feels that he or she is being sexually harassed.

Plaintiff alleges that between July 1, 2008 and March 18, 2009, Jimmy Griffin, her supervisor, and other co-workers at Sara Lee "subjected Hamilton to unwelcome sexual advances, inappropriate sexually-oriented, offensive and lewd comments, physical touching of Hamilton's person, including her butt, legs, and breasts." (Complaint at ¶ 10.) On February 25, 2009, Plaintiff submitted a Charge of Discrimination to the EEOC stating that she had "been sexually harassed,

including unwanted touching and comments, by [her] direct supervisor, as well as [her] fellow male employees." The charge did not identify any of the alleged harassers by name. The first time Sara Lee was alerted to Plaintiff's complaints of sexual harassment was when the company received a copy of her EEOC charge. Plaintiff admitted that she never reported any of the conduct regarding Griffin or her co-workers to Sara Lee's Human Resources Department or to any management employee at Sara Lee, nor did Plaintiff ever call the Global Practices Resource Line (Mary Kay Hamilton Dep. at 128.)

Upon receiving a copy of the charge in early March of 2009, Sara Lee began to investigate. The record reflects that Plaintiff did not identify the alleged harassers in the charge. Sara Lee attempted to contact Plaintiff to investigate the allegations made in the charge; however, on March 18, 2009, Plaintiff informed Mullins that she refused to speak to anyone at Sara Lee and referred Mullins to her attorney, Jennifer Uhrich-Kepler. Mullins testified that she attempted to contact Plaintiff's attorney multiple times, but did not receive a return phone call or even an acknowledgment that Sara Lee had attempted to make contact. Additionally on March 24, 2009, Sara Lee faxed a letter to Plaintiff's attorney's office requesting cooperation in Sara Lee's attempt to investigate the matter.

After receiving no response from Plaintiff or her attorney, Sara Lee interviewed approximately 14 employees, including Griffin and 11 of Plaintiff's co-workers. Griffin denied wrongdoing and none of the employees who were interviewed provided any details regarding inappropriate conduct involving Plaintiff. Because no employees could substantiate the allegations contained in the EEOC charge, and because Plaintiff refused to participate in the investigation, Sara Lee concluded that Griffin had not sexually harassed Plaintiff. However, during the investigation,

Sara Lee learned that Griffin had engaged in inappropriate conduct toward another employee. Sara Lee suspended Griffin and ultimately terminated Griffin's employment as a result of the investigation.

During the course of the investigation into Plaintiff's EEOC charge, on April 8, 2009, Jason Payne, a co-worker of Plaintiff, told Plaintiff she was beautiful, and then wrote "Grade A Beef" on a sticky note and placed it on Plaintiff's back. Plaintiff reported this conduct to both Mullins and Bill Baird, Plant Manager. She did not report any other alleged sexual harassment to Mullins or Baird. In fact, when asked if Griffin had done anything to her, Plaintiff responded that she didn't want to talk about it. Mullins and Baird met with Payne who admitted writing the note. Mullins immediately suspended Payne. Mullins testified that Sara Lee decided to place Plaintiff on paid administrative leave while they investigated her allegations because they did not know the extent of Plaintiff's allegations and did not want to return her to a situation that could possibly be hostile. After an investigation, Sara Lee terminated Payne.

On December 7, 2009, Plaintiff filed this action in state court against Defendants asserting a claim of sexual harassment in violation of the Kentucky Civil Rights Act. Defendants removed the case to federal court. Defendants filed this motion for summary judgment arguing that Plaintiff cannot prove her prima facie case of hostile work environment because (1) Plaintiff failed to prove that the Sara Lee can be found vicariously liable for the alleged sexual harassment, and (2) Plaintiff admits that the conduct did not impact her ability to perform her job.

### III. DISCUSSION

A sexual harassment claim brought under the Kentucky Civil Rights Act ("KCRA") is to be analyzed in the same manner as a claim brought under Title VII, its federal counterpart.

Ammerman v. Board of Educ. of Nicholas County, 30 S.W.3d 793, 797-98 (Ky. 2000). "A plaintiff may establish a violation of Title VII by proving that the discrimination based on sex created a hostile or abusive work environment." Clark v. United Parcel Service, Inc., 400 F.3d 341, 347 (6th Cir. 2005)(citing Williams v. Gen. Motors Corp., 187 F.3d 553, 560 (6th Cir.1999)). To establish a prima facie case of sexual harassment based on a hostile work environment, a plaintiff must show that: (1) she is a member of a protected class; (2) she was subjected to unwelcome sexual harassment; (3) the harassment was based on her sex; (4) the harassment created a hostile work environment; and (5) the employer is vicariously liable. Id.; Bailey v. USF Holland, Inc., 526 F.3d 880, 885 (6th Cir. 2008).

For purposes of this motion for summary judgment, the Court assumes that the Plaintiff has met the first four requirements of a hostile work environment claim. Therefore, the issue is whether the employer is vicariously liable for the hostile work environment.

**A. Supervisor Hostile Work Environment Claim**

Defendants argue that they are not liable for any harassment under KCRA because they have satisfied the criteria of the affirmative defense set forth by the United States Supreme Court in Faragher v. City of Boca Raton, 524 U.S. 775 (1998) and Burlington Industries v. Ellerth, 524 U.S. 742 (1998). If the alleged sexual harassment was committed by a supervisor, the employer has an affirmative defense available to avoid liability "so long as the harassment did not result in a negative tangible employment action for the victim." Clark, 400 F.3d at 348.[1]  To avail itself of the affirmative defense, the employer must show by a preponderance of the evidence "(a) that the

---

[1] In the present case, it is undisputed that there was no tangible employment actions taken as a result of the alleged harassment.

employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise." Faragher, 524 U.S. at 807 (citations omitted).

Generally, "an employer satisfies the first element of this two-part standard when it has promulgated and enforced a sexual harassment policy." Deters v. Rock-Tenn Co., Inc., 245 Fed. Appx. 516, *525 (6th Cir. 2007)(citing Ellerth, 524 U.S. at 765; Faragher, 524 U.S. at 807). Courts have not set an exact formula for assessing sexual harassment policies, but the Sixth Circuit has provided the following guidance: "'[A]n effective harassment policy should at least: (1) require supervisors to report incidents of sexual harassment; (2) permit both informal and formal complaints of harassment to be made; (3) provide a mechanism for bypassing a harassing supervisor when making a complaint; and (4) provide for training regarding the policy.'" Deters, 245 Fed. Appx. at 525 (quoting Clark, 400 F.3d at 349-50).

Sara Lee had promulgated and disseminated a facially effective sexual harassment policy. Plaintiff acknowledges having received more than one copy of the policy. The policy informed employees that "[t]he Company prohibits unwelcome and offensive verbal, physical or visual conduct or harassment on the basis of . . . sex . . ., especially when such conduct or harassment could create a hostile or offensive working environment." (Sara Lee Harassment Policy, DN 33, Exhibit D.) The policy further provides that "[a]nyone who violates this policy will be subject to disciplinary action up to and including termination." (Id.) The policy requires any manager or supervisor to report incidents of sexual harassment and failure to do so will subject that supervisor "to disciplinary action up to and including termination." (Id.) Additionally, the policy provides a

mechanism for bypassing a harassing supervisor when making a complaint and permits any type of complaint or report to be made. Furthermore, the record reflects that Sara Lee provided training to all employees regarding the policy. Finally, the termination of both Griffin and Payne demonstrate the enforcement of the harassment policy by Sara Lee. Thus, Sara Lee satisfies the first prong of the Ellerth/Faragher affirmative defense.

In examining the second prong of the Ellerth/Faragher affirmative defense, the record reflects that Plaintiff never reported any of the conduct regarding Griffin to the Human Resources Department or to any management employee at Sara Lee, nor did Plaintiff ever call the Global Practices Resource Line (Hamilton Dep. at 128.) Rather, Plaintiff chose to ignore all of Sara Lee's harassment prevention policies and instead chose to file a charge with the EEOC. In response to the motion for summary judgment, Plaintiff argues that when she voiced her concerns about her treatment, a co-worker, Ted Ziegler, informed her that management was aware of the harassment that was occurring but refused to do anything about it. (Hamilton's Response to Interrogatory 3.) However, a "'perceived futility' does not excuse an employee's failure to report supervisor harassment." Deters, 245 Fed. Appx. at 525. In fact, "'an employee's subjective fears of confrontation, unpleasantness or retaliation do not alleviate the employee's duty under Ellerth to alert the employer to the allegedly hostile environment." Gallagher v. C.H. Robinson Worldwide, Inc., 567 F.3d 263, 276 (6th Cir. 2009). (quoting Williams v. Missouri Dep't. of Mental Health, 407 F.3d 972, 977 (8th Cir.2005)). The Court concludes that the record clearly supports the finding by a preponderance of the evidence that Plaintiff's failure to take advantage of Sara Lee's preventive and corrective measures was unreasonable. Thus, Sara Lee satisfies the second prong of the Ellerth/Faragher affirmative defense.

Accordingly, Sara Lee has established its Ellerth/Faragher affirmative defense to employer liability with respect to the alleged harassment by Plaintiff's supervisor.

**B. Co-Worker Hostile Work Environment Claim**

Defendants likewise argue that they are not liable for the conduct of Plaintiff's co-workers. An employer is vicariously liable for co-worker harassment "if it knew or should have known of the charged sexual harassment and failed to implement prompt and appropriate corrective action.'" Harris v. Sodders, 2009 WL 331633, *2 (6th Cir. February 11, 2009)(citing Clark, 400 F.3d 341, 348 (6th Cir.2005)); Gallagher, 567 F.3d at 276. If the employer responded to an employee's complaint of co-worker harassment, the employer will be liable only "if its response manifests indifference or unreasonableness in light of the facts the employer knew or should have known." McCombs v. Meijer, Inc., 395 F.3d 346, 353 (6th Cir. 2005).

In the present case, Plaintiff has introduced no evidence to establish that Sara Lee knew or should have known of the alleged harassment against her prior to its receipt of the EEOC charge in early March of 2009. In fact, it is undisputed that Plaintiff never apprised Sara Lee that she believed she was being subjected to sexual harassment by any of her co-workers until the "Grade A Beef" incident on April 8, 2009. Therefore, Sara Lee cannot be held vicariously liable for any harassment of Plaintiff that occurred prior to March of 2009.

Furthermore, Sara Lee's response to both the EEOC charge and Plaintiff's report of sexual harassment in April of 2009 was prompt and appropriate. The record reflects that upon a receiving a copy of the EEOC charge in early March of 2009, Sara Lee began to investigate the alleged harassment. However, given that Plaintiff had not identified the employees involved in the harassment, Sara Lee interviewed approximately 14 employees, including 11 of Plaintiff's co-

workers. Without the cooperation of Plaintiff, Mullins testified that Sara Lee could not substantiate the allegations contained in the EEOC charge. However, the investigation initiated by Plaintiff's EEOC charge revealed that Griffin had engaged in inappropriate conduct toward another employee. As a result, Sara Lee suspended Griffin and ultimately terminated his employment. The record further reflects that upon Plaintiff's report of Payne's sexual harassment, Sara Lee removed Plaintiff from the plant floor, interviewed Payne, suspended him, and then subsequently terminated his employment with the company. In both instances, Sara Lee promptly conducted an investigation of the alleged harassment resulting in the termination of two employees. Accordingly, Sara Lee's response cannot be described as indifferent or unreasonable.

For these reasons, the Court finds that the Plaintiff failed to satisfy the fifth element of the prima facie case with respect to the alleged harassment by Plaintiff's co-workers.

## IV.  CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion by Defendants, Sara Lee Corporation and Earthgrains Baking Companies, Inc., for summary judgment [DN 33] is **GRANTED**. The Court will enter a Judgment consistent with this Opinion.

cc: counsel of record